_JjFITZSIMMONS, J.
dissenting and assigning reasons.
I respectfully dissent. A challenge to candidacy is a challenge to all requites for qualification as a candidate for a specific office. This would include by way of illustration such facts as the actual residence in the proper precinct and ward, the correct age, and required educational background. The concept of an “actual residence” is foreign to this particular candidate: Mr. Rogillio is what the Irish would call a “tinker man”, a wanderer. The facts demonstrate that despite protestations, he lives “on the go” rather than at one location.
APPLICABLE FACTS
The record evidence establishes, in September 1998, Mr. Rogillio and his former wife, Elizabeth Noalie, purchased a residence in Livingston Parish during the existence of their matrimonial community. During the same year, Mr. Rogillio, in his capacity as head of household, claimed a homestead exemption on said property. By joint stipulation of the parties, the exemption remains valid until affirmative steps are taken towards removal. The parties further agreed, no steps have been undertaken by Mr. Rogillio to waive or refute his homestead exemption.
On February 19,1999, Mr. Rogillio, then a registered voter in Livingston Parish, vacated the marital domicile: he characterizes this departure as an “intent to never return”. On March 19, 1999, he instituted divorce proceedings. By judgment dated October 21, 1999, Ms. Noalie was awarded exclusive use and occupancy of *657 the home. Subsequently, on November 30, 1999, the community of the parties was terminated by judgment of divorce. To date, he and his former wife remain joint owners of the home in Livingston Parish; both benefit from the reduction in property taxes associated with having a homestead exemption. Since his ^initial departure, Mr. Rogillio claims to have returned to the Livingston Parish property on only one occasion to return a video game.
Regarding his post-marriage residency, Mr. Rogillio claims he resided at his son, Jeff Rogillio’s, home in Prairieville, Louisiana. This arrangement spanned a time period from February 1999 to September 1999 — a period of seven months. In September 1999, he moved into the East Baton Rouge Parish home of his girlfriend, Carolyn Vince. Her residence is located at 9189 Rushwood, a location outside the city. Mr. Rogillio and Ms. Vince jointly occupied her residence until late July 2000 — -this time frame encompasses ten months. With qualifying as an impetus, Mr. Rogillio acknowledges he moved into the East Baton Rouge Parish home of George Johnson on July 29, 2000. Mr Johnson is the ex-Police Chief for the City of Baton Rouge, and lives at 164 Highland Park. Mr. Rogillio spent only one week at this location. Using that address to be his residence, Mr. Rogillio registered to vote in East Baton Rouge Parish without ever being asked to establish proof of residency as required by LSA-R.S. 18:105 A.[1]
On August 7, 2000, Mr. Rogillio entered into a six month lease agreement on an apartment located at 10530 Florida Boulevard in the city limits of Baton Rouge. This was admittedly done for the sole purpose of qualifying for the election. The unit was not even available for occupancy. Mr. Rogillio’s and Ms. Vince’s testimonies regarding Mr. Rogillio’s “residency” between the date of the lease, August 7, 2000, and his August 12, 2000 move into the apartment is inconsistent and ^disparate. Mr. Rogillio reported living at Mr. Johnson’s home. Yet, under cross examination, he admitted staying with Ms. Vince during this period. He also testified that, on August 10, 2000, 75% of his clothing remained at Mr. Johnson’s home and the other 25% at Ms. Vince’s home. However, this testimony was contradicted by Ms. Vince, who indicated 100% of his clothing was at her home on August 10, 2000.
Without showing any proof of residency, on August 10, 2000, Mr. Rogillio changed his voter’s registration address from Mr. Johnson’s address to the short term lease address of Florida Boulevard. At the time the change of address was made, Mr. Ro-gillio admits his vehicles, motorcycles, personal belongings and two ill, elderly dogs remained at Ms. Vince’s residence. He testified his other two dogs were at his son’s home. He attempted to offer as explanation for not moving his elderly dogs to his new “residence” the fact that their medical conditions require supervision that he could not provide due to his campaign schedule. Yet, he admitted no such supervision is available at Ms. Vince’s home. During his testimony, he admitted he wrongly gave his address as the Florida Boulevard location. He also testified he would have been unable to show receipt of utility bills or mail at either Mr. Johnson’s home or his Florida Boulevard apartment. Additionally, his vehicle registrations and driver’s license do not bear either address.
On August 16, 2000, using the Florida Boulevard address, Mr. Rogillio qualified to run for office. He testified he has never waived the Livingston Parish homestead exemption and that he has never requested the United States Postal Service forward mail to his Florida Boulevard address. Although he testified that the Florida Boulevard apartment is the location at which he intends to reside indefinitely, he *658 only contracted for |4a six month lease. The only evidence in support of his Florida Boulevard “residency” is one piece of mail verifying telephone service.
The trial court found that Mr. Rogillio did not meet the legal requirements for candidacy: Mr. Rogillio is still a co-owner of the Livingston Parish property and still “claims” a homestead exemption on that residence. He has not waived or refuted the homestead exception. Additionally, the trial judge at no time found that Mr. Rogillio was a resident of the City of Baton Rouge. On the date Mr. Rogillio changed his voter registration, namely August 10, 2000, to show a residence in the City of Baton Rouge, he did not reside there. As far as the record indicates, he does not receive his mail in the city. While seeking to beg the question of “residency” we note that between August 12, 2000 (the day he claims to have moved into the city) and August 16, 2000 (the day he qualified), he admitted he spent some of those nights with Ms. Vince in her/his residence. Thus of the four nights, we do not know if he spent even one night at the Florida street “residence.” Based on these particular facts in this record, Mr. Rogillio did not meet the legal requirements for candidacy. For the foregoing reasons, the judgment of the trial court against Wayne R. Rogillio should be affirmed.

. Mr. Rogillio admits that he willfully made such a representation despite the fact that the application contains the following disclosure:
"(MUST BE WHERE YOU CLAIM HOMESTEAD EXEMPTION, IF APPLICABLE).”
Ms. Vince’s testimony regarding the timing of Mr. Rogillio’s move to Mr. Johnson's home was very uncertain in that she could not offer or verify any pertinent dates.